# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **MARY TUCKER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CASE NO.: _____ |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

The Plaintiff, through Counsel, sues Defendant and alleges the following:

## PARTIES AND JURISDICTION

1. Plaintiff Mary Tucker resides at 2813 Crestridge Drive in Atlanta, Fulton County, Georgia.

2. The Defendant, The United States of America, may be served through Kurt R. Erskine, United States Attorney for the Northern District of Georgia, Richard B. Russell Federal Building, 75 Ted Turner Drive, SW, Suite 600, Atlanta, Georgia 30303-3309 or his designee.

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§1346(b).

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events and/or omissions giving rise to this claim

occurred in Atlanta, Fulton County, Georgia.

## FACTS

7. On or about January 17, 2019, Plaintiff was a patient at the East Point VA Clinic at 1513 Cleveland Ave #300, Atlanta, GA 30344, for an appointment with her physician and was, at all relevant times, an invitee and patient at the clinic and property.

8. Right before her appointment, Ms. Tucker entered the restroom facility of building #700 to use the toilet. After completing her business, she stepped from the toilet toward the sink and slipped on a sheet of water on the floor that caused her to fall backward to the ground.

9. Ms. Tucker landed hard on her right hip/buttock suffering significant injuries and enduring terrible pain.

10. Despite her injuries, Ms. Tucker got up and reported her fall. She then went to her previously scheduled doctor's appointment in building #300 despite the pain.

11. VA MSA Gloria Johnson reported the fall to VA Police Officer Charlie Jackson. Officer Jackson proceeded to the restroom facility in building #700 and immediately noticed the water on the floor and a dripping "valve".

12. Officer Jackson then located Ms. Tucker at her appointment and

discussed the incident with her. Officer Tucker authored a report on the incident (Exhibit A).

13. Upon information and belief, at the time of Plaintiff's fall, the restroom in building #700, where the incident occurred, belonged to, or was under the direct control and supervision of, Defendant.

14. Defendant had actual and/or constructive knowledge of the latent, dangerous condition and had a duty under O.C.G.A. § 51-3-1 to keep the premises and approaches safe.

## COUNT I
## NEGLIGENCE

The Plaintiff repeats the allegations contained in paragraphs 1 through 14 and further alleges the following:

15. Defendant was negligent and breached its duty of care to Plaintiff in one or more of the following ways:

    a. failing to maintain the bathroom in a safe manner;

    b. failing to maintain the plumbing in the building in a safe manner;

    c. failing to properly clean and inspect the restroom in a timely fashion;

    d. failing to properly provide for adequate footing in the

       restroom;

  e.    failing to properly warn invitees and patients of dangerous latent defects;

  f.    failing to properly place signage in or around the restroom facility;

  g.    failing to use due care while operating the restroom for the public; and,

  h.    such other failures as may be discovered in this proceeding.

16. As a direct and proximate result of the Defendant's negligence, Plaintiff suffered bodily injury and resulting pain and discomfort, disability, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical expenses, loss of earnings, loss of earning capacity, loss of capacity to work and labor, and loss of business opportunities. The losses are permanent and continuing; and the Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff respectfully prays as follows:

  (a)    That the Defendant be served as required by law;

  (b)    That the Plaintiff recover from the for her past, present, and future general damages;

(c) That the Plaintiff recover from the Defendant for her past, present, and future special damages;

(d) That the Plaintiff has a trial by jury; and,

(e) That the Plaintiff has such further and other relief as the Court may deem just and proper.

**DOUMAR | RAINSFORD**

s/Bettis C. Rainsford, Jr.
Raymond J. Doumar (GA Bar No.227510)
Bettis C. Rainsford, Jr. (GA Bar No.778594)
One 10th Street, Suite 700
Augusta, Georgia 30901
ray@doumarlaw.com
bettis@doumarlaw.com
Phone: (706) 722-1700
Fax: (706) 722-7600

April 28, 2021                **ATTORNEYS FOR THE PLAINTIFF**
Augusta, Georgia